UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANNA MORRISON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BLASINGAME, BURCH, GARRARD )<br>& ASHLEY, P.C. )<br>)<br>    Defendant. ) | NO. 1:17-CV-00165<br><br>JURY DEMAND<br><br>JUDGE J. RONNIE GREER<br>MAGISTRATE SUSAN K. LEE |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING ACTION BY THE JPML PANEL ON ITS NOTICE OF POTENTIAL TAG-ALONG IN MDL 2187**

The Defendant, Blasingame, Burch, Garrard & Ashley, P.C., having submitted a Notice of Potential Tag Along (Doc. 11) seeking an order from the United States Judicial Panel on Multi District Litigation ("JPML") to transfer this action to MDL 2187 and the Honorable Joseph R. Goodwin of the United States District Court for the Southern District of West Virginia, Charleston Division (i.e., the "Governing Court"), submits this Memorandum of Law in further support of its Motion to Stay Proceedings Pending Action by the JPML Panel On Its Notice of Potential Tag-Along in MDL 2187.

The subject matter of this litigation arises out of and is directly related to Plaintiff's settlement of her pelvic mesh products liability claim in which the Plaintiff received monetary compensation in compromise of her claim. The allegations of Plaintiff's Complaint in this action are directly related to the orders entered by Judge Goodwin in MDL 2187, including the entry of the Master Settlement Agreement, the appointment of a Special Master, as well as the Settlement Agreement signed by Plaintiff – all of which were made subject to the MDL Court's continuing exclusive jurisdiction. Compelling reasons exist for the JPML to transfer this action to MDL

1

2187 under authority of 28 U.S.C. § 1407 because the claims presented by Plaintiff against the Defendant involve common questions of fact with the underlying MDL 2187 litigation such that Judge Goodwin should oversee this case due to his familiarity with the MDL proceedings, parties, operative settlement agreements and related MDL orders, along with his inherent supervisory authority over the MDL settlement process. Accordingly, in the interests of consistency and judicial economy, the Motion to Stay should be granted and should operate to stay all proceedings and deadlines in this case through and until thirty (30) days following action by the Judicial Panel on Multidistrict Litigation ("JPML") on the Notice of Potential Tag-along Action filed by the Defendant pending the JPML's decision to transfer this action to MDL 2187.

## ARGUMENT AND AUTHORITY

This Court has the inherent power to stay its proceedings pending a decision on transfer by the Judicial Panel on Multi District Litigation ("JPML"). The Supreme Court has held that the authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 209 U.S. 248, 254 (1936). Thus, a court has broad discretion to grant a motion to stay pretrial proceedings pending transfer to another court. See *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Indeed, courts routinely stay proceedings to conserve judicial resources; reduce the burden on the parties; prevent duplicate discovery and other pretrial proceedings; and avoid the potential for inconsistent rulings.

The Defendant has petitioned the JPML to transfer the instant case to the MDL. Such a motion to stay pending the JPML's decision on the issue of transfer is frequently, if not routinely, granted. See *Dowler v. Medicine Shoppe*, 2007 WL 2907519 at *2 (S.D. Ohio Oct. 3, 2007)(quoting *Good v. Prudential Insurance Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)); *Bonenfant v. R.J. Reynolds Tobacco Co.*, 2007 WL 2409980 at *3 (S.D. Fla. July 31,

2

2007) (holding that "[i]t is common practice for courts to stay an action pending a transfer by the JPML"). See also *Ramos-Martir v. Astra Merck, Inc.*, 2005 WL 3088372, at *2 (D.P.R. Nov. 17, 2005) (a stay of all proceedings was granted pending the JPML's decision to transfer because of the "undesirability of expending judicial resources familiarizing ourselves with the intricacies" of a case likely to be transferred). Therefore, the Defendant's Motion to Stay should be granted.

The Defendant's Motion to Stay finds support in other decisions arising from Tennessee district courts. See *Jackson v. Merck & Co. Inc.*, 2006 WL 448695 (W.D. Tenn. Feb. 19, 2006). *Jackson v. Merck* involved prescription drug Vioxx and defendant Merck, the Vioxx manufacturer, filed a Motion to Stay Proceedings pending a decision by the Judicial Panel on Multi District Litigation as to whether the case should be transferred to the District Court for the Eastern District of Louisiana as a tag-along action in MDL 1657, *In re: Vioxx Products Liability Litigation*. The Western District of Tennessee granted Merck's Motion to Stay after finding that a stay of the proceeding pending transfer to the Multi District Litigation would best promote judicial economy and conserve judicial resources. *Id.* The Western District of Tennessee also found that any prejudice to the Plaintiff resulting from a stay would be minimal. See *Jackson* at *4.

In the instant case, the District Court for the Southern District of West Virginia, as the Governing Court of MDL 2187, has retained jurisdiction over any disputes, suits, actions or proceedings arising out of or relating to the settlement of Plaintiff's pelvic mesh products liability claim. The Governing Court has not only retained jurisdiction, but equally important, it has an interest in enforcing the settlement terms and conditions, especially when a claimant seeks to call into question the conduct of her attorneys in the settlement program. A stay in the instant matter would, similar to *Jackson*, promote judicial economy and conserve judicial resources

while imparting only a minimal burden on Plaintiff, who has expressly assented to the authority of the Governing Court.

Finally, the procedural status of this case supports a stay.  This case is still in its initial stages inasmuch as no scheduling orders have been entered, no dispositive motions have been filed, and discovery has not commenced.  Therefore, the judicial resources that would be conserved at this stage are maximized, as absent a stay, the Court and the parties would have to expend unnecessary resources undertaking pretrial proceedings that may be duplicative or moot should this action be transferred to MDL 2187.

## **CONCLUSION**

In order to promote judicial efficiency and economy and to avoid imposing unnecessary burden and expense on this Court and the parties, Defendant Blasingame, Burch, Garrard & Ashley, P.C. respectfully submits that its Motion to Stay be GRANTED and that all proceedings and deadlines in this case should be stayed  through and until thirty (30) days following action by the Judicial Panel on Multidistrict Litigation ("JPML") on the Notice of Potential Tag-along Action filed by the Defendant pending the decision of the JPML to transfer this matter to MDL 2187.

Respectfully Submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

By:    s/ William E. Godbold, III
        WILLIAM E. GODBOLD, III - TN BPR#: 4565
        ANDREW J. GODBOLD - TN BPR#: 31134
        *Attorneys for Defendant*
        200 West M.L. King Blvd., Suite 500
        Chattanooga, TN  37402
        (423) 265-0214  Main
        (423) 424-3907  Direct
        (423) 308-0907  Fax

4

Case 1:17-cv-00165-JRG-SKL   Document 13   Filed 07/13/17   Page 4 of 5   PageID #: 262

# CERTIFICATE OF SERVICE

    I, **William E. Godbold, III**, do hereby certify on July 13, 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this filing through the Court's electronic filing system.

        Michael E. Richardson, Esq.
        *Attorney for Plaintiff*
        736 Market Street
        Suite 1550
        Chattanooga, TN 37402

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By:   /s/ William E. Godbold, III
       WILLIAM E. GODBOLD, III